# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HERSHEY ENTERTAINMENT & RESORTS COMPANY**, | : CIVIL ACTION NO. 1:04-CV-2641 |
| | : |
| | : **(Judge Conner)** |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **INTERACTIVE RIDES, INC.**, | : |
| | : |
| **Defendant** | : |

## ORDER

AND NOW, this 19th day of December, 2005, upon consideration of plaintiff's motion for reconsideration (Doc. 48), averring a "manifest error of fact" and seeking a modification of the order of court dated December 7, 2005 (Doc. 42), which denied summary judgment on plaintiff's anticipatory repudiation claim, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."), and it appearing that the court properly considered the facts on plaintiff's anticipatory repudiation claim as set forth by the parties (see Doc. 42 at 6-9, 15), and that given these facts, considered in the light most favorable to defendant, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see also 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2727 (3d ed. 1998) ("[T]he evidence presented to the court always is construed in favor of the party opposing the motion and the opponent is given the benefit of all favorable inferences that can be drawn from it. Finally, facts asserted

by the party opposing the motion, if supported by affidavits or other evidentiary material, are regarded as true." (footnotes omitted)), a reasonable jury could arguably find that defendant did not absolutely and unequivocally refuse to perform under the contract or evidence an inability to do so,[1] see Edwards v. Wyatt, 335 F.3d 261, 272 (3d Cir. 2003) ( "[T]o constitute anticipatory breach under Pennsylvania law there must be 'an absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so.'" (citations omitted)), it is hereby ORDERED that the motion for reconsideration (Doc. 48) is DENIED.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Plaintiff erroneously states that the court concluded that defendant "was willing and able to perform under the contract." (Doc. 49 at 3.) The court, however, made no such conclusion, but simply noted that defendant's "Assurances Letter stated that [defendant] was willing and able to perform under the contract." (Doc. 42 at 15.)